# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| TONICO D. VINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 1:09-CV-294 |
| | ) |
| MARK STEFANTOS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the court on a complaint and *in forma pauperis* petition filed by Tonico D. Vinson. For the reasons set forth below, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A because Tonico D. Vinson presented false statements on his *in forma pauperis* petition and because the complaint does not state a claim.

BACKGROUND

Tonico D. Vinson, a *pro se* plaintiff, filed this lawsuit pursuant to 42 U.S.C. § 1983. He did not pay the filing fee. Instead, he seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On his *in forma pauperis* petition, he answered "none" in response to the first question "1. *If incarcerated*. I am being held at: _____." DE# 2 at 1. His answer was false.

Vinson is a federal felon currently under the supervision of the United States Probation office here in the Northern District of Indiana. *See United States v. Vinson*, 3:08-cr-126 (N.D. Ind. filed October 17, 2008). There is an outstanding warrant for his arrest for a probation violation and a corresponding detainer on him at the Grant County Jail where he is being held on felony charges under cause number 27D02-0901-FA-14. Vinson falsely stated that he was not incarcerated and then signed the *in forma pauperis* petition under penalty for perjury. Moreover, he declared that he understood that a false statement could result in the dismissal of his case.

> *Declaration*: I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

DE# 2 at 2.

DISCUSSION

This false statement is not immaterial. Unlike a non-prisoner for whom the filing fee can be waived, the Prisoner Litigation Reform Act requires that "the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Thus, if this false statement had been undetected, Vinson would have defrauded this Court by evading his statutory obligation to pay the filing fee. Though the false statement is reason enough to dismiss this case, because his complaint does not state a claim, it would have been dismissed anyway.

In his complaint he alleges only that the defendants, "Affidaviti Information to Establish Credibility of hear say, Form." Complaint at 2. He repeats that phrase after the name of each of the six defendants. The relief he is seeking is to "dismiss the charge that has came to the plaintiff . . . [and] $300,000 dallars." Complaint at 3. Though he attached 35 additional pages, they do not provide any meaningful insight into the claim he is asserting against these defendants. He attached a motion for discovery filed by the State in his criminal trial. He attached a narrative describing his sale of illegal drugs to a confidential informant and a transcript of a police interview of that informant. He also attached the lab test results, evidence information sheet, and police reports. Finally he has attached a copy of Indiana statutes along an opinion by the Court of Appeals of Indiana as well as part of a second one.

First, this Court cannot dismiss the State court criminal charges pending against him. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) and *Younger v. Harris* , 401 U.S. 37, 53 (1971). But even if it could,

> a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations and footnote omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. ___, ___; 129 S. Ct. 1937, 1949; 173 L. Ed. 2d 868, 884 (2009) (quotation marks, citations, and brackets omitted). In explaining this standard, the Seventh Circuit stated:

> So, what do we take away from *Twombly*, *Erickson*, and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Here, Vinson's assertion that each of these defendants "Affidaviti Information to Establish Credibility of hear say, Form" (Complaint at 2) is at worst incoherent and at best an allegation that they did their jobs as members of a drug enforcement task force by working with a confidential informant. This complaint does not state a claim and could be dismissed for this reason alone.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A because Tonico D. Vinson presented false statements on his *in forma pauperis* petition and because the complaint does not state a claim.

**DATED: November 2, 2009** /s/RUDY LOZANO, Judge
**United States District Court**